UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYRALISA LAVENA STEVENS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>C. MARTINEZ,<br><br>　　　　Defendant. | Case No. 1:22-cv-00740-CDB (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FRIVOLOUSNESS AND FAILURE TO STATE A CLAIM<br><br>(Doc. 1)<br><br>**FOURTEEN (14) DAY DEADLINE**<br><br>Clerk of Court to assign a district judge. |

　　　　Plaintiff Lyralisa Lavena Stevens is a state prisoner proceeding *pro se* in this civil rights action filed under 42 U.S.C. § 1983. On June 17, 2022, Plaintiff filed a complaint alleging Defendant C. Martinez violated her Eighth Amendment rights by referring to Plaintiff, a transgender female, by the incorrect gender both verbally and on appeals paperwork. (Doc. 1.) At the same time, Plaintiff filed an application to proceed *in forma pauperis* under 28 U.S.C. § 1915. (Doc. 2.) The Court has screened the complaint and finds that it is frivolous and fails to state a claim upon which relief may be granted; therefore, the complaint must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 28 § 1915A(b)(1). The Court further finds that amendment would be futile and therefore recommends dismissal of this action with prejudice.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner raises claims that are frivolous or malicious, fail to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); 28 U.S.C. § 1915A(b). These provisions authorize the court to dismiss a frivolous *in forma pauperis* complaint *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319, 322 (1989). Dismissal based on frivolousness is appropriate "only if the petitioner cannot make any rational argument in law or fact which would entitle him or her to relief." *Id.* at 322–23. The Court must dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir. 1984)).

## II. PLEADING REQUIREMENTS

### A. Federal Rule of Civil Procedure 8(a)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). The statement must give the defendant fair notice of the plaintiff's claims and the grounds supporting the claims. *Id.* at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). This liberal

pleading standard applies to a plaintiff's factual allegations but not to his legal theories. *Neitzke*, 490 U.S. at 330 n.9. Moreover, a liberal construction of the complaint may not supply essential elements of a claim not pleaded by the plaintiff, *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks & citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (quoting *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 (9th Cir. 2008)). The mere possibility of misconduct and facts merely consistent with liability is insufficient to state a cognizable claim. *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Dismissal of a *pro se* complaint without leave to amend is proper only if it is "absolutely clear that no amendment can cure the defect." *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212–13 (9th Cir. 2012)); *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile.").

**B.     Linkage and Causation**

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373–75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legal required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

///

///

## III. DISCUSSION

### A. Plaintiff's Factual Allegations[1] and Claims

Plaintiff identifies as a transgender female and uses the pronouns, "she" and "her." (Doc. 1 at 4.)

On March 30, 2022, Plaintiff met with his counselor, Defendant C. Martinez, to request a certified trust account statement. (*Id.* at 3.) Defendant asked Plaintiff to write the address of the court on the form and said, "I normally do it for you guys." (*Id.*) Plaintiff informed Defendant that "guys" is not appropriate for females like her, but Defendant ignored her. (*Id.*) Defendant had previously misgendered Plaintiff, as reflected in her appeals numbered 213583 and 101821. (*Id.* at 5.) According to Plaintiff, this misgendering has exacerbated her gender dysphoria.

On June 17, 2022, Plaintiff filed the instant action asserting violations of her Eighth Amendment rights, and the denial of due process and cruel and unusual punishment under the Fourteenth Amendment. (*Id.* at 3–5.)

### B. Eighth Amendment

The Eighth Amendment prohibits the infliction of cruel and unusual punishment. U.S. Const. amend VIII.  The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  *Farmer v. Brennan*, 511 U.S. 825 (1994); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  "After incarceration, only the 'unnecessary and wanton infliction of pain' . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Ingraham v. Write*, 430 U.S. 651, 670 (1977) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)).

No matter where prisoners are housed, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted).  Under the Eighth Amendment, prison officials have a duty to take reasonable steps to protect inmates from violence at the hands of other inmates.  *Farmer*, 511 U.S. at 833. However,

---

[1] Plaintiff provides sparse factual allegations, which the Court accepts as true for screening purposes.  *See Iqbal*, 556 U.S. at 678.

4

"not . . . every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Id*. at 834. A prisoner seeking relief for an Eighth Amendment violation must show that the officials acted with deliberate indifference to the threat of serious harm or injury to an inmate. *Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013).

The deliberate indifference standard involves both an objective and a subjective prong. *Id*. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). A deprivation is sufficiently serious if a prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). For a claim based on a failure to prevent harm, the inmate must show that the conditions of confinement pose a "substantial risk of serious harm." *Farmer*, 511 U.S. at 834 (citing *Helling v. McKinney*, 509 U.S. 25, 35 (1993)).

The second prong of this test is subjective and requires the prison official to have a "have a 'sufficiently culpable state of mind.'" *Id*. (quoting *Wilson*, 501 U.S. at 302–03). In cases challenging conditions of confinement, this standard requires the plaintiff to show that the prison official acted with "deliberate indifference" to inmate health or safety. *Id*. "Deliberate indifference" entails something more than negligence but less than acts or omissions intended to cause harm or with knowledge that harm will result. *Id*. at 835 (following *Estelle v. Gamble*, 429 U.S. 979, 104 (1976)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id*. at 837. To prove knowledge of the risk, the prisoner may rely on circumstantial evidence, and the very obviousness of the risk may be sufficient to establish knowledge. *See id.* at 842; *Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995) (inmate must "show that the official knew of the risk and that the official inferred that substantial harm might result from the risk.").

1   Even if a prison official should have been aware of the risk but was not, there is no

2  Eighth Amendment violation, no matter how severe the risk.  *Peralta v. Dillard*, 744 F.3d 1076,

3  1086 (9th Cir. 2014), *cert. denied*, 574 U.S. 1073 (2015). "[A]n official's failure to alleviate a

4  significant risk that he should have perceived but did not, while no cause for commendation,

5  cannot under [the Supreme Court's] cases be condemned as the infliction of punishment."

6  *Farmer*, 511 U.S. at 838. In addition, "prison officials who actually knew of a substantial risk to

7  inmate health or safety may be found free from liability if they responded reasonably." *Id.* at

8  844.

### C.    Standard of Care

In her first claim, Plaintiff argues that Defendant failed to follow the "applicable standard of care" and "procedural guidelines" by referring to Plaintiff as "you guys."  (Doc. 1 at 3.)  In accordance with Senate Bill 132, The Transgender Respect, Agency and Dignity Act, which became effective on January 1, 2021, the California Department of Corrections and Rehabilitations ("CDCR") requires staff to use an inmate's gender pronouns in verbal and written communications.[2] (*See id.* at 9–10).  In accordance with the Prison Rape Elimination Act of 2003 ("PREA"),  42 U.S.C. § 15601–15609, the CDCR requires staff to be trained on how to communicate professionally with inmates, including inmates who identify themselves as transgender.[3]  (*Id.* at 3.)

Although neither the Supreme Court nor the Ninth Circuit has addressed the issue, this district has repeatedly held that the PREA does not create a private right of action. *E.g., Crowder v. Diaz*, No. 2:17-cv-1657-TLN-DMC, 2019 WL 3892300, at *21 (E.D. Cal. Aug. 19, 2019), *F.&R. adopted*, 2019 WL 5566433 (E.D. Cal. Oct. 29, 2019) (citing *Peralta v. Swetella*, No. 1:18-cv-01023-DAD-EPG (PC), 2018 WL 6334723 (E.D. Cal. Dec. 5, 2018)); *Faz v. N. Kern State Prison*, No. CV-F-11-0610-LJO-JLT, 2011 WL 4565918, at *5 (E.D. Cal. Sep. 28, 2011) (citing *Inscoe v. Yates*, No. 1:08-cv-001588 DLB PC, 2009 WL 3617810, at *3 (E.D. Cal. Oct. 27, 2009));  *Israel v. Newsome*, No. 2:22-cv-00005 DB P, 2022 WL 3368454, at *3 (E.D. Cal. Aug. 16, 2022) (citing *Porter v. Jennings*, No. 1:10-cv-01811-AWI-DLB PC, 2012 WL

---

[2] https://www.cdcr.ca.gov/prea/sb-132-faqs/ (last visited Dec. 27, 2022).

[3] https://www.cdcr.ca.gov/prea/ (last visited Dec. 27, 2022)

6

1434986, at *1 (E.D. Cal. Apr. 25, 2012)).

Since the PREA itself contains no private right of action, there is no corresponding right enforceable under § 1983. *See Graham v. Connor*, 490 U.S. 386, 393–94 (1989) ("Section 1983 . . . provides a method for vindicating federal rights conferred elsewhere.") Accordingly, plaintiff fails to a claim under the PREA.

To the extent Plaintiff complains that Defendant failed to follow CDCR regulations, compliance with prison policies or grievance procedures, absent more, does not rise to the level of a constitutional violation. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). California prison regulations do not give rise to protected due process rights. *Romero v. Katavich*, No. 1:11-cv-0935, 2012 WL 484782, at *11 (E.D. Cal. Feb. 14, 2012). Therefore, the mere violation of a prison regulation does not give rise to a cognizable claim for relief. *See Nible v. Fink,* 828 F. App'x 463, 464 (9th Cir. 2020) (violations of Title 15 of the California Code of Regulations do not create private right of action); *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009) (holding that section 1983 claims must be premised on violation of federal constitutional right).

### D.     **Deliberate Indifference**

In Claim II, Plaintiff contends that Defendant was trained to respect chosen pronouns yet used the pronoun "he," which Plaintiff expressed was emotionally hurtful. (Doc. 1 at 4.) Plaintiff argues that this establishes the objective component of deliberate indifference.

In Claim III, Plaintiff asserts that Defendant misgendered Plaintiff through her misuse of the term "guys" on March 30, 2022, and her misuse of "he" on two prior occasions, as reflected in appeals 213583 and 101821. (Doc. 1 at 4–5.) Plaintiff contends that such documentary evidence of the deprivations of her constitutional rights satisfies the "[e]motionally subjective component of deliberate indifference." (*Id.* at 5.) Plaintiff argues that the evidence shows an "escalating pattern and practice of the same violation" and she "continues to suffer beneath the repeated unlawful treatment." (*Id.* at 5.) Plaintiff claims that Defendant's statements exacerbate her gender dysphoria.

Even under a liberal construction of the *pro se* complaint, the factual allegations do no establish that Plaintiff's deprivation was objectively and sufficiently serious. Aside from

7

conclusory statements by Plaintiff, her allegations of three instances of misgendering do not present a substantial risk of serious harm or the denial of life's necessities. Plaintiff described Defendant's use of "he" as "emotionally hurtful," which does not indicate that the risk of harm to Plaintiff was sufficiently serious.

Because the factual allegations fail to meet the objective prong of deliberate indifference, Plaintiff is also unable to meet the subjective prong, that Defendant disregarded an excessive risk to inmate health or safety. Therefore, the complaint fails to state a claim of deliberate indifference in violation of Plaintiff's Eighth Amendment rights.

### E.  Due Process

Plaintiff bases her second claim on a violation of "the substantive due process clause of the 14th Amendment—which prohibits cruel and unusual treatment." (Doc. 1 at 4.) Although a single harm can implicate more than one constitutional right, where a constitutional claim is covered by a specific constitutional provision, the court must analyze the claim under the standard appropriate to that specific provision, not under the broad rubric of substantive due process. *See Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998); *see also Graham v. Connor*, 490 U.S. 386, 395 (1989) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.").

While Plaintiff has couched her allegations as a separate due process claim, a claim of cruel and unusual punishment is properly brought as an Eighth Amendment condition of confinement claim. Therefore, Plaintiff has failed to state a Fourteenth Amendment due process claim.

### IV.  CONCLUSION

For the foregoing reasons, The Court finds that Plaintiff's claims lack an arguable basis either in law or in fact, and the complaint must be dismissed as frivolous. Based upon the facts alleged, the deficiencies cannot be cured by amendment, and further leave to amend would be futile. Therefore, the Court should dismiss this action with prejudice.

Accordingly, IT IS HEREBY RECOMMENDED:

1. Plaintiff's complaint be dismissed with prejudice as frivolous and failure to state a claim upon which relief may be granted; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(l).  **Within fourteen (14) days** from the date of service of these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

The Clerk of Court is DIRECTED to assign a district judge to this case.

IT IS SO ORDERED.

Dated:   **December 27, 2022**

UNITED STATES MAGISTRATE JUDGE

9