UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYRALISA LAVENA STEVENS,<br><br>Plaintiff,<br><br>v.<br><br>C. MARTINEZ,<br><br>Defendant. | Case No. 1:22-cv-00740-ADA-CDB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING COMPLAINT FOR FRIVOLOUSNESS FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 9)<br><br>Clerk of Court to close the case. |

Plaintiff Lyralisa Lavena Stevens ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action filed under 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Upon screening the complaint, the assigned Magistrate Judge determined that Plaintiff failed to state an Eighth Amendment claim based on cruel and unusual punishment or a constitutional claim for failure to follow California Department of Corrections and Rehabilitations regulations. (ECF No. 14.) The Court issued findings and recommendations to dismiss the complaint for frivolousness and failure to state a claim upon which relief may be granted, and the deficiencies in the complaint could not be cured by amendment. (*Id.*) The Court advised that any party could file written objections to the findings and recommendations within fourteen days. (*Id.* at 9.)

Plaintiff filed objections arguing that the Magistrate Judge failed to perform his duties fairly and impartially and committed "defamative slanderous libel."[1] (ECF No. 10 at 5.) Plaintiff largely reiterates her pleadings made in her complaint. Plaintiff argues against that Defendant Martinez departed from the standard of care for treatment of transgendered females and failed to perform her official duties.  The Court reiterates that the Prison Rape Elimination Act, the legislation that Plaintiff relies on, does not create a private right of action.  Plaintiff contends transgender women are particularly vulnerable to sexual harassment, and Defendant demonstrated deliberate indifference to this known risk in violation of Plaintiff's Eighth Amendment rights.  The Court finds that the Magistrate Judge correctly finds that Plaintiff's factual allegations fail to meet the objective prong of deliberate indifference, precluding her from meeting the subjective prong for her Eighth Amendment claim.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case.  After carefully reviewing the entire file, the Court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued on December 28, 2022, (ECF No. 9), are adopted in full;
2. This action is DISMISSED for frivolousness and failure to state a claim upon which relief can be granted; and
3. The Clerk of Court is directed to terminate all pending motions and to close this case.

IT IS SO ORDERED.

Dated:   February 17, 2023                                   _____
                                                            UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff incorrectly identified the assigned Magistrate Judge as Ana de Alba, who is the District Judge assigned to this case. (ECF No. 10.)